PETER CAMPBELL AND WIFE *v.* W. F. DUERSON, ETC.

**Vendor and Purchaser—Deficit—Criterion of Recovery—Abatement.**

In contracts for the sale of land, where a part of the tract sold is lost to the purchaser he is entitled to an abatement to be ascertained by reference to the price of the whole tract and by its relative value when compared with the balance of the tract.

February 13, 1872.

APPEAL FROM JEFFERSON CIRCUIT COURT.   CHY. B.

OPINION OF THE COURT BY JUDGE PETERS:

By their deed bearing date the 24th day of July, 1869, appellants profess to convey to M. McDermott in trust for Catherine Campbell, wife of Peter Campbell, in consideration of $4,000, part paid in hand and the residue in three annual payments for which notes were executed, a certain lot of ground in the city of Louisville, beginning at a point on the west side of Clay street 100 feet north of the northwest corner of Franklin and Clay streets, thence northwestwardly with the west line of Clay street (50) fifty feet, and extending back westwardly at right angles with Clay street (105) one hundred and five feet, being the same lot conveyed by Cassandra Ferguson to Sarah W. Ferguson. The deed contains a covenant of warranty of title.

The note for $521, which matured the 24th day of July, 1870, and being for the installment first due, was assigned to Speed & Henning, who brought suit thereon. As a defense to the action

appellants allege that they have only a part of 38 feet of ground in the lot when they contracted and paid for 50 feet front, make their answer a cross-petition against Duerson and wife and the trustee. And pray for an abatement from the price they allege they paid for 50 feet front, in the proportion that the 12 feet bears to the 50 feet, at the contract price.

There is no controversy as to the deficit, but the controversy is as to the criterion by which the loss to appellants of the 12 feet is to be estimated. By appellants it is contended that their value is to be ascertained and fixed by reference to the contract price of the whole lot, or that the value of the 12 feet is to be estimated in the proportion that they bear to the price paid for the whole 50 feet. And to that is to be added the possible, or estimated diminution of the value of the remaining 38 feet by reason of the loss of the 12 feet.

The court below abated $360 from the contract price for the loss of the 12 feet, and appellants complain.

In contracts for the sale of lands the general rule seems to be that where a part of the tract sold is lost to the purchaser he will be entitled to an abatement, if the purchase money is not paid, or if it is all paid, then to a recovery for the value of the land lost, to be ascertained by reference to the price of the whole tract, as fixed by the original contract, and by its relative value, when compared with the balance of the tract at the time.

From the evidence it appears that on the 38 feet of the lot, which appellants have and about which there is no dispute, there are two commodious brick cottages, of six rooms each, and they give to the lot its principal value. The remaining 12 feet which they expected to get, and included in their deed, to them, are without any building of any kind. What is then their relative value, compared with the value of that portion of the lot on which the houses are located? Certainly they cannot be of equal value per foot. The witnesses say they are not, and the price of $30 per foot fixed by the court seems to be as high as was authorized by the evidence, and does full justice to appellants.

We regard, therefore, the judgment as favorable to appellants as they were entitled to have it.

Let it be *affirmed*.

*Lee & Rodman, for appellants.*
*Pirtle & Caruth, for appellees.*